IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| THOMAS FORD, JR., | * | |
| Petitioner, | * | |
| | | CASE NO. 5:08-CV-90040 CAR |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:07-CR-57 CAR |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

Petitioner Ford was indicted in this court on June 13, 2007, and charged with two Counts of Distribution of Cocaine Base in violation of 21 U. S. C. § 841(a)(1), § 841(b)(1)B)(iii), and 18 U. S. C. § 2. (Doc. 1). On September 27, 2007, Ford entered into a Plea Agreement with the Government and pled guilty to Count I of the Indictment in exchange for the Government's agreement to move to dismiss Count Two. (Doc. 18). Ford was sentenced on December 11, 2007, to a term of imprisonment of 60 months to be followed by a term of supervised release of 5 years. (Doc. 22). His sentence was made the Judgement of the court on December 18, 2007. (Doc. 25). He timely filed Notice of Appeal on December 18, 2007. (Doc. 27). However, his Attorney moved the United States Court of Appeals for the Eleventh Circuit, under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396 (1967), to withdraw as counsel from the case, asserting that he found no meritorious issue. (Doc. 31). On July 16, 2008, the Circuit Court of Appeals decided as follows:

> Our independent review of the entire record reveals counsel's assessment of the relative merit of the appeal is correct. Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is GRANTED, and Ford's sentence is AFFIRMED.

(Doc. 44). The Appellate Court's decisions issued as mandate upon this court on August 14, 2008. *Id.* Petitioner Ford then timely filed his present Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 45) on December 15, 2008.

## The Motion To Vacate

Petitioner Ford presents a single Ground for relief as follows:

> The Government breached its written Plea Agreement by imposing on Movant a Term of Supervised Release of 5 years instead of 4. On page 3 of the written Plea Agreement the Government agreed that Movant's term of supervised release would not exceed 4 years. Yet on Movant's Judgment and Commitment order, his term of supervised release is listed as 5 years instead of the agreed upon term of 4 years. Such a breach of agreement violates *Santabello v. N.Y.,* 404 U.S. 257 (1971). Because of the incontestable breach of Plea Agreement, Movant is entitled to, and request an evidentiary hearing pursuant to *Blackledge v. Allison,* 431 U.S. 63 (1977).

(Doc. 45 at 4). First, a careful review of Petitioner's Plea Agreement with the Government reveals that page 3 of the Plea Agreement contains from Section (3) beginning on page 2, the things to which Petitioner Ford has agreed, stating as follows:

> Defendant being fully cognizant of defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:
> .... (B) That defendant fully understands that defendant's plea of guilty as set fourth in Subparagraph (A) above, will subject the defendant to a statutory penalty of a mandatory minimum of 5 years up to a maximum sentence of 40 years imprisonment, a maximum fine of two (2) million dollars or both, and a term of supervised release of four (4) years. ....

2

> (C) **The defendant acknowledges and understands that the Court is not bound by any estimate of the advisory sentencing range that defendant may have received from defendant's counsel, the Government , or the Probation Office.** (emphasis added). ....
>
> (E) Defendant understands and has discussed with defendant's attorney that after the Court considers the advisory guideline range for this case, the Court will have the discretion to impose a sentence that is more severe or less severe than the advisory guideline range. ....

(Doc. 45 at 2, 3, 4). Section (4) sets out what matter the Government has agreed to, and that section does not include an agreement by the Government to limit the Court to an advisory guideline supervised release of 4 years. The Government understands that Section (5) means exactly what it states:

> **Nothing herein limits the sentencing discretion of the Court.** (emphasis added).

*Id.* at 8. Moreover, ¶¶ 51 and 52 of Petitioner's PreSentence Investigation report, to which he made no objection at sentencing, provides:

> **Statutory Provisions:** Pursuant to 21 U. S. C. § 841(b)(1)(B), the Court is required to include a term of supervised release of **at least** four years. (emphasis added).
>
> **Guideline Provisions:** Pursuant to USSG. § 5D1.2(a)(1) and (b), the prescribed term of supervised release is **at least four, but not more than five years.** (emphasis added).

PSI at 8. The Court sentenced Petitioner within the advisory guidelines and according to its discretion. Petitioner Ford, in his Plea Agreement at Section (3)(H), waived "any right to an appeal or other collateral review of defendant's sentence in any court. (Doc. 45 at 4).

Petitioner Ford did not raise any claim of breach of Plea Agreement on direct appeal and has failed here to show that the Government breached the Plea Agreement in any manner, or that the

3

Court violated its discretion by sentencing him outside the advisory guidelines. Petitioner Ford has defaulted upon the breach of plea agreement claim. Moreover, Ford's sentence was found, upon the independent review of the entire record by the United States Court of Appeals for the Eleventh Circuit, to be without arguable issues and his sentence was affirmed, as noted above. *See Genge v. United States,* 279 Fed. Appx. 897 (11th Cir. 2008). Petitioner's Motion is without merit.

The petitioner has the burden of establishing a need for an evidentiary hearing. *Birt v. Montgomery,* 725 F.2d 587, 591 (11th Cir. 1984) (en banc). The threshold test for determining if the petitioner has met this burden is "whether the Petitioner's allegations, if proved, would establish the right to" habeas relief. *Id.* at 591; *Futch v. Dugger,* 874 F.2d 1483 (11th Cir. 1989). Petitioner has not established the right to a hearing.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner and/or the Government may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 16th day of December 2008.

        **S/ G. MALLON FAIRCLOTH**
        **UNITED STATES MAGISTRATE JUDGE**