THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **THOMAS FORD, JR.,** | : | |
| Petitioner, | : | |
| v. | : | Civil Action |
| | : | No. 5:07-cr-57 (CAR) |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent. | : | |
| _____ | : | |

### ORDER ON RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Recommendation of the United States Magistrate Judge (Doc. 47) that Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 be denied. Petitioner has entered an objection to the Recommendation. Upon review of Petitioner's objection and the Recommendation, and a *de novo* review of the record of the case, this Court agrees with the findings of the United States Magistrate Judge. The Recommendation is therefore **ADOPTED** and made the order of the Court. For the reasons set forth in the Recommendation, and for the further reasons set forth below, Petitioner's Motion (Doc. 45) is hereby **DENIED**.

In his Motion, Petitioner contends that "the Government breached its written plea agreement by imposing on movant a term of supervised release of 5 years instead of 4." Doc. 45, p. 6. This contention is unsupported by the record of the case, which shows that the

1

Court, not the Government, opted to sentence Petitioner to a five year term of supervised release despite the recommendation set forth in the Plea Agreement. The Plea Agreement is part of the record of this case. See Doc. 18. As the Recommendation observes, this Agreement explicitly states that the Court would not be bound by any estimate of the advisory sentence range provided by the Government, defense counsel, or the Probation Office. The Agreement further states that the Court would have discretion to impose a sentence more or less severe than the advisory guideline range and that nothing in the Plea Agreement would limit the discretion of the Court. At Petitioner's Change of Plea hearing on September 27, 2007, Judge Lawson asked Petitioner whether he understood that the Plea Agreement was an agreement with the Government and not with the Court, and that the Court would not be bound by the terms of the Agreement. Transcript 13 (Doc. 34). Petitioner responded that he understood. As such, the Court's decision to sentence Petitioner outside the terms of the Plea Agreement was not a violation of the Agreement, but was a possibility foreseen in the Agreement itself. The Court's sentence of five years supervised release was consistent with the terms of 21 U.S.C. § 841(b)(1)(B), and within the advisory range prescribed by the Sentencing Guidelines at USSG § 5D1.2(a)(1) and (b).

Petitioner objects to the Recommendation on the grounds that it improperly relied on the Presentence Investigation Report of the Probation Office, which cannot be used as evidence of guilt. Nothing in the Recommendation, however, or in any other order of the Court, relies on the Presentence Investigation Report as evidence of guilt. The Recommendation cites the Report only as further evidence that Petitioner had notice of the

possibility that the Court would impose a sentence including a period of supervised release greater than the four years suggested in the Plea Agreement. Because Petitioner has failed to show that his sentence was imposed in violation of the Constitution or laws of the United States or that it was in excess of the maximum authorized by law, his Motion to Vacate, Set Aside, or Correct the Sentence is unsupported and cannot be granted.

It is SO ORDERED this 10th day of November, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

chw